# SHORT & BILLY, P.C.

MICHAEL BILLY, JR.
SKIP SHORT*
FRANK J. PICCININNI
PATRICE M. A. SOBERANO
IOANNA O. ZEVGARAS**

MARK PULEO
DAVID BENDIK **

*MEMBER N.Y., N.J. AND D.C. BARS
**MEMBER N.Y. AND N.J. BARS
***MEMBER N.Y., N.J. AND CT. BARS

ATTORNEYS AT LAW
217 BROADWAY SUITE 300
NEW YORK, NEW YORK   10007
Tel: (212) 732-3320   Fax: (212) 732-3326

CHRISTOPHER O'DONNELL**
HELENE JNANE**
GREGORY J. GUIDO**
MITCHELL KLEINMAN
RANDALL ROONAN ***
MARY JOY KALOGIANNIS
AMANDA A. JEHLE
PAUL NOVAK
DONNA STRUDWICK

October 31, 2011

Honorable Allyne R. Ross
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      RE:   GEICO Insurance Co. et al v. Barry Dublin M.D. et al.
               11-CV-4018

Dear Judge Ross:

Please accept this letter on behalf of the Plaintiffs ("GEICO"), in response to Mr. Gottlieb's letter of October 25, 2011.

GEICO is a New York automobile insurer which provides coverage pursuant to Article 51 of the Insurance Law for what are commonly known as no-fault benefits. The no-fault field has been permeated by fraud. See, e.g., Matter of Medical Society of New York v. Serio, 100 N.Y.2d 854, 768 N.Y.S.2d 423 (2003). GEICO has a statutory obligation to combat insurance fraud pursuant to New York Insurance Law Article 4 and specifically Insurance Law §409 and pursuant to that obligation it has filed the present action.

The Defendants represented by Mr. Gottlieb seek to dismiss the complaint for alleged pleading deficiencies or in the alternative to "refer" the claims to arbitration. Failing these attempts, these Defendants ask that the claims against them be severed from the claims against other Defendants.

The complaint in this action sets forth in great detail a fraudulent scheme engaged in by the Defendants, including the Defendants represented by Mr. Gottlieb. The Defendants have submitted billing and reports for services that were not provided and have falsified patient test results. These

actions not only constitute insurance fraud and violations of RICO, they could jeopardize the welfare of the patients and they are an assault against the public at large. See by way of illustration Complaint ¶¶84, 150-154 and 161-168.

Mr. Gottlieb sets forth only generalities as to his pleading contentions. This appears to be an attempt to delay this action. GEICO believes the complaint is specific and sets forth actionable claims.

The arbitration issue is theoretically interesting. New York's no-fault statute does provide an option for a "claimant" to arbitrate issues that arise under Insurance Law §5106. Contrary to Mr. Gottlieb's claim that GEICO wants this case in Federal Court because GEICO has lots of funds, GEICO by law has no option to file its claims in arbitration. To the extent the option to arbitrate exists, the option is available only to a claimant, not to an insurer and this one-sided option has been held to be constitutional. See Country-Wide Ins. Co. v. Harnett, 426 F.Supp 1030 (SDNY, 1977), aff'd. 431 U.S. 934.

It is noteworthy that there is no consensual arbitration agreement between GEICO and the Defendants. The arbitration provision exists solely by statute and regulation and a review of both does not include fraud recovery actions brought by insurers. See Insurance Law §5106 and 11 NYCRR §65-4. See also the prescribed Arbitration Request Form http://www.adr.org/si.asp?id=4691

While the Defendants have stated the case should be arbitrated, it appears that they have not filed a request for arbitration, nor is it clear that all the claims in this case could or should be accepted in no-fault's statutory arbitration forum. The Defendant professional corporations and their counsel Gary Tsirelman have generally chosen to litigate, not arbitrate, most of their prior disputes on individual claims. Some of these cases are still pending and pursuant to Roggio v. Mutual Nationwide Ins. Co., 66 N.Y.2d 260 (1985) they cannot be arbitrated. While RICO claims could theoretically be arbitrated were there an applicable agreement, GEICO's claims for punitive damages do not appear to be subject to arbitration under New York law. The Defendants have not offered to consent to arbitration of all causes of action and punitive damages (even if such consent could be given effect under New York law) and a stay of the collection lawsuits they have previously brought. There also appears to be no basis for the

lay person Defendants, Matatov and SUM billing to arbitrate as they are not "claimants" under Insurance Law §5106. Finally, not all the Defendants who are part of the same fraudulent scheme have been included in this request for arbitration. (e.g., Defendant Kim, Complaint ¶¶31, 346-37, 380-414)

The request to sever should be denied. The complaint sets forth a fraudulent scheme in which numerous professional corporations used the same fictitious patient test results for different patients. These claims and the fraud are interrelated. See for example Complaint ¶¶146-148, 179-182, 187-190 and 197-202.

The Defendants' requests appear to be designed to delay the pursuit of this action and GEICO requests that they be denied.

Sincerely,

Skip Short

Cc: all parties by ECF